UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
BARBARA WINGFIELD
                       Plaintiff,              13-CV-6321
      v.                                         **DECISION AND ORDER**

ROCHESTER SCHOOL FOR THE DEAF

                       Defendant,
_____

## **INTRODUCTION**

Plaintiff, Barbara Wingfield ("Plaintiff"), brings this lawsuit *pro se* pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), alleging that her former employer, Rochester School for the Deaf ("Defendant" or "RSD")[1], discriminated against her on the basis of her sex. Defendant moves to dismiss Plaintiff's complaint contending that she has not stated a plausible claim for relief. Plaintiff filed an untimely opposition to the instant motion, however, in view of the Plaintiff's *pro se* status, the Court will consider Plaintiff's opposition and the Defendant's reply.[2] For the reasons discussed herein, the Court grants in part and denies in part Defendant's motion to dismiss Plaintiff's complaint.

---

[1] In a separate motion, Plaintiff seeks to add Howard Mowl as a defendant. However, because individuals may not be sued under Title VII, Plaintiff's request is denied. See Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010).

[2] Because the Court has determined that it will consider Plaintiff's opposition, Plaintiff's cross-motion to strike Defendant's arguments regarding the timeliness of her opposition is denied as moot.

**BACKGROUND**

The following facts are taken from the Plaintiff's complaint.[3] (Docket No. 1.) Plaintiff was employed by RSD as an ASL/English Bilingual Specialist from 1992 until she resigned on April 16, 2012. Plaintiff is deaf and her children are deaf and attend RSD. Plaintiff's ex-husband is deaf and is employed by RSD as the Director of Business Operations and, during the relevant time period, the head of security.

Order of Protection

In early September 2011, Plaintiff had an altercation with her ex-husband that resulted in a temporary order of protection being issued in her favor on September 6, 2011 by the Monroe County Family Court. The order provided that her ex-husband remain at least 25 feet away from the Plaintiff on the RSD campus. To comply with the order, the Superintendent of RSD, Harold Mowl ("Mowl"), issued a letter to Plaintiff "severely restricting [her] presence and movement" at RSD. She alleges that Mowl did not discuss the

---

[3]In addition to the factual allegations in the complaint, the Court may also consider "'any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference,'" as well as any document not attached or incorporated by reference if "the complaint 'relies heavily upon its terms and effect,' [rendering] the document 'integral' to the complaint." See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002) (internal citations omitted) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995)). Here, the Court will consider the complaint, an order of protection issued in Plaintiff's favor by Monroe County Family Court, and the Last Chance Agreement issued to Plaintiff by RSD, which were submitted by the Defendant, but which are incorporated into the complaint by reference. (Docket No. 7.)

restrictions with her before issuing the letter and that her ex-husband was not similarly restricted.

Later, on September 24, while attempting to attend a sports event for her children at RSD, Plaintiff and a security guard had an altercation which resulted in Plaintiff feeling threatened. She alleges that the security guard "misunderstood" Mowl's instructions and he "used intimidating tactics" to force her to leave campus. Plaintiff contacted her supervisor and Mowl and expressed her belief that she was the victim of discrimination. She alleges that "Mowl tried to stop me from talking with others about alleged discrimination" in an e-mail communication she had with him following this altercation.

On September 29, 2011, the order of protection was modified to remove the restriction that Plaintiff's ex-husband remain 25 feet away from her on the RSD campus. Rather, he was directed to refrain from offensive conduct towards Plaintiff while on campus.

Plaintiff alleges that she was "subjected to a hostile work environment, harassed, and treated unfairly throughout the school year." She also alleges that she was "denied training opportunities and resources" for two months during the Fall of 2011.

<u>Last Chance Agreement</u>

Later, in April 2012, Plaintiff was presented with a "Last Chance Agreement", which outlined certain out-of-school behaviors of the Plaintiff including, *inter alia*, "inappropriate Facebook

postings" and an instance where RSD believed Plaintiff lied about being sick. The Last Chance Agreement required that Plaintiff, *inter alia*, refrain from these alleged behaviors, make public and private apologies for certain behaviors, remove Facebook posts, attend counseling provided by the school, and that she agree to waive her right to file a lawsuit based on RSD's behavior, including any potential lawsuit under Title VII. The Last Chance Agreement states: "Teacher acknowledges that she understands the terms of this final Last Chance Agreement and that she agrees to waive all rights she may have pursuant to any other provision of constitution, statute, regulation, rule, contract or from any other source, in connection with any action taken by the School....Teacher further agrees to irrevocably and unconditionally release and discharge the School....from any an all charges, complaints, and any other causes of action...including but not limited to any and all claims...arising out of Title VII..." If Plaintiff refused to sign the Last Chance Agreement, she would be fired.  Plaintiff did not sign the Last Chance Agreement and instead resigned from her position at RSD. Plaintiff claims that other male employees who violated school policy were not subjected to similar disciplinary actions.

## **DISCUSSION**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on

its face." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion to dismiss, the Court "'must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.'" See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir.2008) (quoting Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir.2007)). Further, the Court must construe a *pro se* complaint liberally. See Erickson v. Pardus, 551 U.S. 89 (2007). However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations." See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.2007) (citation omitted). The court is also not required to credit conclusory statements unsupported by factual allegations. See, e.g., Otor, S.A. v. Credit Lyonnais, S.A., 2006 WL 2613775, at *2 (S.D.N.Y.2006); see also Davey v. Jones, 2007 WL 1378428, at *2 (S.D.N.Y.2007) (citation omitted).

Reading the Plaintiff's complaint liberally, she alleges that she was subjected to discrimination and a hostile work environment on the basis of her sex and that she was also subjected to retaliation for complaining of discrimination. Plaintiff bases her discrimination and hostile work environment claims the Defendant's conduct following the issuance of the order of protection against her ex-husband in September 2011. She alleges that she was treated

differently than her ex-husband in the execution of the order and that a security guard at the school intimidated her and forced her to leave her child's sporting event in an attempt to enforce the order.  She alleges that her ex-husband was not subjected to the same restrictions at the school during the time period that the order was effective.

The Court also construes her complaint to allege discrimination and retaliation in connection with the Last Chance Agreement issued in April 2012. Plaintiff alleges that other employees were not subjected to the same disciplinary actions for violations of school policy and that she was the victim of retaliation for her complaints of discrimination following the issuance of the order of protection.

A. Discrimination

To state a *prima facie* case of sex discrimination under Title VII, a plaintiff must allege that: "(1) she was within the protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination." See Leibowitz v. Cornell Univ., 584 F.3d 487, 498 (2d Cir.2009). "[A] complaint need not contain specific facts establishing a prima facie case of employment discrimination to overcome a Rule 12(b)(6) motion, [but] the claim must be facially plausible, and must give fair notice to the defendants of

the basis for the claim." Fowler v. Scores Holding Co., Inc., 677 F.Supp.2d 673, 679 (S.D.N.Y. 2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)("a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination.")).

Order of Protection

The Court finds that Plaintiff has not plausibly alleged that she was subjected to an adverse employment action under circumstances giving rise to an inference of discrimination in connection with the order of protection. First, even liberally construing the complaint, the Court cannot characterize the RSD's response to the order of protection as an adverse employment action. According to the complaint, the order of protection required that Plaintiff's ex-husband, also an employee at RSD, remain 25 feet away from the Plaintiff while the order was in effect. RSD effectuated the order by restricting Plaintiff's "presence and movement on the school campus." An adverse employment action is a "materially adverse change in the terms and conditions of employment" that "is more disruptive than a mere inconvenience or an alteration of job responsibilities." Fairbrother v. Morrison, 412 F.3d 39, 56 (2d Cir.2005)(emphasis added). RSD's effectuation of an order of protection, which Plaintiff sought against her ex-husband, is not an action taken in connection with Plaintiff's employment. While the restrictions may

have affected her at work, the RSD's actions were the result of the order of protection relating to a domestic dispute, they do not represent a change in the terms and conditions of Plaintiff's employment.  Further, the temporary restriction of her presence and movement on the campus to comply with the order is not "more disruptive than a mere inconvenience." Id.  The order was lifted within a few weeks, as were the restrictions of her movement on campus.

Additionally, the fact that Plaintiff and her husband were treated differently with respect to the Order does not, under these circumstances, plausibly give rise to an inference of gender discrimination. Plaintiff and her ex-husband worked in different capacities at RSD and it is not plausible that they were similarly situated in all material respects, as is required for an inference of discrimination based on disparate treatment. See Graham v. Long Island R.R., 230 F.3d 34, 39-40 (2d Cir. 2000).

Lastly, the alleged threatening behavior of a security guard towards Plaintiff while she was attending a sporting event at RSD in her capacity as a parent of a student is unrelated to her employment at RSD. Under these circumstances, the Court finds that the security guard's actions towards a parent cannot be considered an adverse employment action.

Last Chance Agreement

With respect to the Last Chance Agreement, the Court finds that Plaintiff has plausibly alleged a claim for discrimination. Plaintiff alleges that "male employees at RSD who had violated the school policies were not given similar disciplinary actions or termination." Further, the Last Chance Agreement requires that Plaintiff waive her right to bring a discrimination lawsuit based on RSD's actions. The Court finds that these allegations are sufficient to plausibly allege a claim for gender discrimination. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Accordingly, Defendant's motion to dismiss Plaintiff's discrimination claim based on RSD's actions in response to the order of protection is granted and Plaintiff's complaint with respect to those allegations is dismissed. However, Defendant's motion to dismiss Plaintiff's discrimination claim based on the Last Chance Agreement is denied.

B. Hostile Work Environment

To state a claim of discrimination based on a hostile work environment, a plaintiff must establish the existence of a workplace that is "permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Torres v. Pisano,

116 F.3d 625, 630-631 (2d. Cir.1997) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). "Conduct that is merely offensive and not severe or pervasive enough to create an objectively hostile or abusive work environment" will not establish a Title VII discrimination claim. Torres, 116 F.3d at 631 (2d Cir.) (internal quotes omitted); Gallagher v. Delaney, 139 F.3d 338, 346 (2d Cir.1998) ("A reasonable person would have to find the environment hostile or abusive, and the victim must have subjectively so perceived it."). "Evaluating a hostile environment [claim] involves reviewing the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Miller v. McHugh, 814 F.Supp.2d 299, 2011 WL 4091466, *8 (S.D.N.Y., September 14, 2011) (quoting Harris, 510 U.S. at 23).

Plaintiff alleges that she "was subjected to a hostile work environment, harassed, and treated unfairly throughout the school year." She states that she was "denied training opportunities and resources including not having an appropriate, safe classroom environment for 35 elementary students for two months in the fall of 2011." Even read liberally, these allegations and the school's conduct following the order of protection and in connection with the Last Chance Agreement, do not constitute a workplace that is

"permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." See Harris 510 U.S. at 21. Plaintiff alleges two or three instances in which she felt that she was treated unfairly and she conclusively states that she "was subjected to a hostile work environment, harassed, and treated unfairly throughout the school year." The Court finds that Plaintiff has not plausibly alleged the requisite severe and pervasive conduct which might constitute a hostile work environment. Accordingly, Plaintiff's hostile work environment claim is dismissed.

### C. Retaliation

Defendants do not specifically address whether Plaintiff's complaint plausibly alleges a claim for retaliation. To establish a prima facie retaliation claim, Plaintiff must show that: (1) she participated in a protected activity; (2) Defendant was aware of Plaintiff's protected activity; (3) she suffered a materially adverse employment action; and (4) there was a causal connection between the protected activity and the adverse action. Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568 fn. 6 (2d Cir.2011). Here, Plaintiff alleges that she complained of discrimination to her supervisor and Mowl relating to RSD's role in enforcing the restrictions contained in the order of protection. She alleges that "Mowl tried to stop [her] from talking with others

about alleged discrimination" and that the Last Chance Agreement, contains a waiver of her rights to file a discrimination lawsuit against RSD. While not commenting on the strength of Plaintiff's case, the Court finds that Plaintiff has plausibly alleged a claim for retaliation because a reasonable jury could conclude that a waiver of her rights to file a discrimination lawsuit in a document that she was required to sign to continue her employment after she complained of discrimination to her employer was retaliatory. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, Plaintiff may proceed with her claim for retaliation.

## CONCLUSION

For the reasons discussed herein, the Defendant's motion to dismiss is granted in part and denied in part. Plaintiff's claim for discrimination based on the Defendant's actions in connection with the order of protection and her claim for a hostile work environment are dismissed. Defendant's motions to dismiss Plaintiff's claims for discrimination and retaliation based on the Last Chance Agreement are denied. Lastly, Plaintiff's request for permission to file documents electronically is denied. Plaintiff is directed to consult the Court's *Pro Se* Office for assistance with filing documents.

**ALL OF THE ABOVE IS SO ORDERED.**

    S/ MICHAEL A. TELESCA
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     Rochester, New York
           September 30, 2013